UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:16-496 |
| | § | (CIVIL NO. 2:18-22) |
| RODRIGO HERNANDEZ-OVIEDO, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Rodrigo Hernandez-Oviedo filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 22).[1] The United States of America (the "Government") moved to dismiss Movant's § 2255 motion as untimely (D.E. 27), and Movant has not responded. For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

On July 27, 2016, Movant pled guilty to illegal re-entry in violation of 8 U.S.C. §§ 1326(a)(1) and 1326(b)(2) before a United States magistrate judge. The Court accepted the magistrate's recommendation to accept Movant's plea and find him guilty, and Movant was adjudicated guilty. He was sentenced to 33 months' imprisonment on

---

[1] Docket entry references (D.E.) are to the criminal case.

November 2, 2016. Judgment was entered November 8, 2016. Movant did not appeal. He filed the present motion under § 2255 on January 4, 2018, at the very earliest.[2]

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises the following claims:

1) Counsel was ineffective for failure to negotiate the plea agreement,

2) Counsel was ineffective at sentencing for failure to object to the sentence imposed; and

3) Counsel and the Court failed to apply the Fast Track Program.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

---

[2] Movant's motion is signed and dated January 4, 2018, and postmarked January 10, 2018. D.E. 22, pp. 3, 4. Under the "mailbox rule," the date for filing for pro se prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[3] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on November 22, 2016, fourteen days after judgment was entered on the docket. *See* FED. R. APP. P. 4(b)(1). He was required to file his § 2255 motion no later than one year from that date, or on or before November 22, 2017. Movant's motion was filed no earlier than January 4, 2018, the day his motion is dated. *See* Rule 3(d), § 2255 RULES. Unless an exception applies to the standard limitations period, Movant filed his motion six weeks too late.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of

---

3. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show: (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant did not respond to the Government's motion to dismiss or provide any explanation as to why he could not file his § 2255 motion in a timely manner. Accordingly, the Court concludes that Movant' failure to file his § 2255 motion within the one-year limitations period requires that the motion be denied as time-barred. Because the motion is time-barred, the Court does not reach the merits of Movant's asserted grounds for relief.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 27) is **GRANTED,** and Movant's § 2255 motion (D.E. 22) is **DENIED**. Movant is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this _____ day of _____ 4 26 18 _____, 2018.


NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE